```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**GARRETT JACK OGDEN,**

                    **Plaintiff,**

        v.                             CASE NO. 11-3124-SAC

**SEDGWICK COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,**

                    **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action while confined in the Sedgwick County Adult Detention Center (SCADC). He proceeds pro se and seeks leave to proceed in forma pauperis.

*Motion to proceed in forma pauperis (Doc. 2)*

The Prison Litigation Reform Act (PLRA) requires a prisoner proceeding in forma pauperis to pay the full filing fee in installments. 28 U.S.C. § 28 U.S.C. § 1915(b)(1)-(2). Because plaintiff was incarcerated when he commenced this action, the court must evaluate his motion under the PLRA. *See Holder v. Kansas,* 2008 WL 199821 at * 1 (D.Kan. Jan. 23, 2008) ("although it appears plaintiff may have been released from custody shortly after filing his complaint, the fee requirements imposed by 28 U.S.C. § 1915(b) still apply because plaintiff filed his complaint while he was a prisoner as defined by 28 U.S.C. § 1915(g).").

However, the plaintiff's motion is insufficient and must be amended. Plaintiff's request appears on the final page of the complaint (Doc. 1, p. 9) and reads, in its entirety:

> I, Garrett Jack Ogden, hereby attest that I am indigent, have been indigent during the twenty-four months of incarceration, and have no possibility of acquiring funds at this time.

Pursuant to 28 U.S.C. § 1915(a)(1), plaintiff must provide "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to relief. In addition, pursuant to § 1915(a)(2), a prisoner must submit "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which the prisoner is or was incarcerated."

Accordingly, the court will direct the clerk of the court to transmit the appropriate form motion to the plaintiff.

*Motion for protection from abuse (Doc. 3)*

Plaintiff seeks a court order for protection from abuse against the defendants directing them to refrain from, *inter alia*, contacting him except by mail, threatening him with the use of force, and entering the premises of his workplace or residence.

The court liberally construes this request as a motion for preliminary injunctive relief. Plaintiff has the burden to establish

2

his right to such relief by clear proof, and he may not rest on bare allegations. A preliminary injunction is an extraordinary remedy and will not be imposed as a matter of right. *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009). Because plaintiff has not demonstrated any real or immediate danger to him in the absence of an injunction and because his broad request would contravene public policy by creating an unreasonable interference with law enforcement, the motion is denied.

*Motion to consolidate (Doc. 4)*

Plaintiff moves to consolidate this matter with Case NO., 10-3190, *Ogden v. Con Care, Inc*. A district court may consolidate separate actions where the cases involve a common issue of law or fact. Fed R. Civ. P. 42(a). The rule enables the court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mutual Insurance Co.*, 220 F.R.D. 366, 367 (D.Colo. 2004)(quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2381 at 427 (2nd ed.1995)).

The court declines to order the consolidation of the plaintiff's actions. The present action challenges detentions of the plaintiff by law enforcement officers over a period of time spanning late 2008 to early 2010, while Case No. 10-3190 concerns the conditions of confinement in the SCADC. There is no apparent connection between the matters that warrants consolidation, and the motion is denied.

3

*Motion for court orders (Doc. 5)*

Plaintiff seeks a court order requiring the production of various documents including medical records, criminal files, and all information concerning arrest and detention of him from September 2007 to the present. He states a court order is necessary due to his incarceration.

The court denies this request. First, some of the material sought by plaintiff does not appear to be relevant to this case. Next, plaintiff has been released from custody since this motion was filed. Accordingly, he has greater options for obtaining the material in question.

*Screening*

Because plaintiff is a prisoner seeking relief against governmental employees, the court is required to screen the complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A (a) and (b).

Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), such a party's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). "[The] court ... will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New*

4

*Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997). Rather, plaintiff must allege "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

"The forum state's statute of limitations for personal injury actions governs civil rights claims under ... § 1983." *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006)(citations omitted). In Kansas, the two-year limitation period under K.S.A. 60-513(a) applies to actions filed under § 1983. Federal law, however, governs when a claim accrues, and "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.)(internal punctuation and citation omitted), *cert. denied*, 549 U.S. 1059 (2006).

Relevant to this case,"'[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.'" *Beck v. City of Muskogee Police Dept*., 195 F.3d 553, 558 (10th Cir. 1999)(quoting *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)).

Here, plaintiff's claims alleging a police stop and detention in October 2008, an illegal detention of him at a motel in October 2008, a sheriff's department search of his residence in November

5

2008, and the malicious prosecution of him in November 2008 all appear to have been filed beyond the two-year limitation period. Unless plaintiff asserts a basis for tolling, these matters are subject to dismissal.

Finally, the remaining claims alleging illegal confinement ending in November 2009 and an illegal vehicle stop and detention are not supported by specific allegations concerning the individuals involved who allegedly violated plaintiff's rights. In addition, plaintiff should supply information concerning the charges that were dismissed and any related state court order.

IT IS, THEREFORE, BY THE COURT ORDERED the clerk of the court shall transmit to the plaintiff a form motion for leave to proceed in forma pauperis. Plaintiff shall complete and return the form on or before February 7, 2012.

IT IS FURTHER ORDERED plaintiff's motion for protection from abuse order (Doc. 3), motion to consolidate (Doc. 4) and motion for court orders (Doc. 5) are denied.

IT IS FURTHER ORDERED plaintiff shall show cause on or before February 7, 2012, why the claims arising in October and November 2008 should not be dismissed as untimely, and should provide specific factual allegations concerning the remaining claims.

IT IS FURTHER ORDERED the failure to file a timely response as directed may result in the dismissal of this matter without additional prior notice.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 25th day of January, 2012, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge